IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al,<br><br>        Defendants.<br>_____/ | No. C-06-00303 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE** |

Plaintiff Greg Williams alleges that Defendants violated his civil rights while acting under color of state law by demoting him as retaliation for engaging in protected activity. See 42 U.S.C. § 1983. The Complaint, however, only alleges that Plaintiff was demoted after failing to timely submit a report to his supervisor, that Plaintiff received two evaluations whereas other employees received only one, and that others with worse records were promoted or not disciplined. Plaintiff alleges violations of his First, Fourth, and Fourteenth Amendment rights. Defendants moved to dismiss the Complaint. Plaintiff conceded in his Opposition that he had no claim under the Fourth Amendment and that the Oakland Fire Department should be dismissed if it was not a separate entity capable of being sued, and argued generally that his Complaint could be amended to adequately state violations of his rights under the First and Fourteenth Amendments. After careful review of the parties' written arguments, the Court determines that this matter is appropriate for determination on the papers and vacates the hearing scheduled for August 29, 2006 at 9:00 a.m. The Court concludes that the Complaint, as pleaded, fails to state any claim and accordingly GRANTS Defendants' motion to dismiss.

In his Opposition, Plaintiff set forth a number of additional allegations that may possibly

allow him to pursue his claims, but he failed to include them in his Complaint. In general, Defendants' arguments in their motion to dismiss are well-taken. Further, Plaintiff does not identify the alleged official policy of the City of Oakland on which he bases his Monnell claim. See Monnell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Because Plaintiff may be able to state a claim with these additional allegations, however, the Court grants Plaintiff leave to file an amended complaint within twenty days of this Order. Plaintiff agreed to dismiss any claim based on the Fourth Amendment, and has not refuted Defendants' statement that the Oakland Fire Department is not a separate entity capable of being sued. See Defs.' MPA at 1, n.1. Plaintiff shall amend his complaint accordingly.

In light of this Order, the Court continues the initial Case Management Conference scheduled in this case for August 29, 2006 until October 31, 2006 at 3 p.m.

**IT IS SO ORDERED.**

Dated: August 23, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

2