Russell A. Robinson, 163937
Law Office of Russell A. Robinson, APC
345 Grove Street, First Floor
San Francisco CA 94102
Telephone: 415.255.0462    Facsimile: 415.431.4526
Email: rarcases@yahoo.com

Attorneys for Plaintiff
GREG WILLIAMS


JOHN A. RUSSO, City Attorney – State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney – State Bar #080142
RACHEL WAGNER, Supervising Trial Attorney – State Bar #127246
INÉS VARGAS FRAENKEL, Deputy City Attorney – State Bar #108113
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:   (510) 238-6512    Facsimile:  (510) 238-6500
Email: ivfraenkel@oaklandcityattorney.org

Attorneys for Defendants
CITY OF OAKLAND and RONALD CARTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG WILLIAMS, | ) No.   C-06-0303-EDL |
|  | ) |
| Plaintiff, | ) **STIPULATED PROTECTIVE ORDER** |
|  | ) |
| v. | ) [Jury Trial Demanded] |
|  | ) |
| CITY OF OAKLAND, et al., | ) |
|  | ) |
| Defendants. | ) |

Plaintiff GREG WILLIAMS, by and through his attorney RUSSELL A. ROBINSON and

Defendants CITY OF OAKLAND and CHIEF RONALD CARTER, by and through their

attorney STEPHEN Q. ROWELL, hereby stipulate to the following protective order:

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER

1. **DEFINITIONS**

   1.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   1.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things;

   1.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ. P. 26(c). This material includes, but is not limited to the following:

   Personnel Information pertaining to individuals who have been promoted above the rank of firefighter pursuant to the July 1, 2001-July 30, 2007 Memorandum of Understanding between the CITY OF OAKLAND and Local 55, and Personnel Information pertaining to Plaintiff Greg Williams.

   1.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

   1.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

   1.6. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

   1.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential".

   1.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   1.9. <u>House Counsel</u>: attorneys who are employees of a Party.

   1.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

1.11. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant n this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12 <u>Professional Vendors:</u> person or entities that provide litigation support services (<u>e.g.</u>, photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

## 4. **DESIGNATING PROTECTED MATERIAL**

4.1 <u>F.R.Civ. P. 26(c).</u> The information sought to be protected must be properly qualified for protection under F.R.Civ. P. 26(c). Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

1       4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

2 (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered,

3 material that qualified for protection under the Order must be clearly so designated before the

4 material is disclosed or produced.

5       Designation in conformity with this Order requires:

6       (a) for information in documentary form (apart from transcripts of depositions or

7 other pretrial or trial proceedings), that the Producing Party describe in writing which documents

8 being produced contain protected material.

9     A Party or non-party that makes original documents or materials available for inspection

10 need not designate them for protection until after the inspecting Party has indicated which

11 material it would like copied and produced. After the inspecting Party has identified the

12 documents it wants copied and produced, the Producing Party must determine which documents,

13 or portions thereof, qualify for protection under this Order, then, before producing the specified

14 documents, the Producing Party describe in writing which documents being produced contain

15 protected material. If only a portion or portions of the material on a page qualifies for

16 protection, the Producing Party also must clearly identify the protected portion(s).

17       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that

18 the Party or non-party offering or sponsoring the testimony identify on the record, before the

19 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

20 any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to

21 identify separately each portion of testimony that is entitled to protection, the Party or non-party

22 that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

23 proceeding ins concluded) a right to have up to 20 days to identify the specify the level of

24 protection being asserted ("CONFIDENTIAL"). Only those portions of the testimony that are

25

26

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER     - 4 -

appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

## 5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges.</u> Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by

1 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      5.3      <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection tow which it is entitled under the Producing Party's designation.

## 6.   ACCESS TO AND USE OF PROTECTED MATERIAL

      6.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER     - 6 -

1 has terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL
2 DISPOSITION).

3     Protected Material must be stored and maintained by a Receiving Party at a location and
4 in a secure manner that ensures that access is limited to the persons authorized under this Order.

5     6.2    <u>Disclosure of "CONFIDENTIAL: Information or Items.</u>  Unless otherwise
6 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
7 disclose any information or item designated CONFIDENTIAL only to:

8     (a) employees of the Receiving Party to whom disclosure is reasonably necessary
9 for this litigation and who have signed the "Agreement to Be Bound by Protective Order"
10 (Exhibit A);

11     (b) experts (as defined in this Order) of the Receiving Party to whom disclosure is
12 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
13 Protective Order" (Exhibit A);

14     (c) the Court and its personnel;

15     (d) court reporters, their staffs, and professional venders to whom disclosure is
16 reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by
17 Protective Order"  (Exhibit A);

18     (e) during their deposition, witnesses in the action to whom disclosure is
19 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
20 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal
21 Protected Material must be separately bound by the court reporter and may not be disclosed to
22 anyone except as permitted under this Stipulated Protective Order.

23     (f) the author the document or the original source of the information.

24
25
26

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER     - 7 -

6.3     Discovery of Confidential Information from Other Sources

The parties and counsel understand that they may acquire what would otherwise be "Confidential" information as defined by this Stipulated Protective Order from outside sources, or from persons not parties to this Stipulated Protective Order.

Nonetheless, the parties and counsel agree if that information would otherwise be "Confidential" information as defined by this Stipulated Protective Order, the terms and conditions of this Stipulated Protective Order apply to that information.

This section is intended to protect the unwarranted dissemination of personnel information pertaining to individuals who applied for catastrophic leave.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER            - 8 -

1  Designating Party shall bear the burdens and the expenses of seeking protection in that court of
2  its confidential material—and nothing in these provisions should be construed as authorizing or
3  encouraging a Receiving Party in this action to disobey a lawful directive from another court.
4
5  **8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**
6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
7  Material to any person or in any circumstance not authorized under this Stipulated Protective
8  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
9  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
10 (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms
11 of this Order, and (d) request such person or persons to execute the "Acknowledgment and
12 Agreement to Be Bound" that is attached hereto as Exhibit A.
13
14 **9.     <u>FILING PROTECTED MATERIAL.</u>**
15       Without written permission form the Designating Party or a court order secured after
16 appropriate notice to all interested persons, a Party may not in the public record in this action
17 any Protected material.  A Party that seeks to file under seal any Protected Material must comply
18 with Civil Local Rule 79-5.  In addition to placing the documents in a sealed envelope with
19 instructions that the envelope is not to be opened absent further order of the court, the envelope
20 should be labeled to identify title of the case, the case number, and the title of the document.
21
22 **10.    <u>FINAL DISPOSITION.</u>**
23       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
24 after the final termination of this action, each Receiving Party must return all Protected Material
25 to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies,
26

1  abstracts compilations, summaries or any other form of reproducing or capturing any of the
2  Protected Material. With permission in writing from the Designating Party, the Receiving Party
3  may destroy some or all of the Protected Material instead or returning it. Whether the Protected
4  Material is returned or destroyed, the Receiving Party must submit a written certification to the
5  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
6  deadline that identifies (by category, where appropriate) all the Protected Material that was
7  returned or destroyed and that affirms that the Receiving Party has not retained any copies,
8  abstracts, compilations, summaries or other forms of reproducing or capturing any of the
9  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
10 copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
11 work product, even if such materials contain Protected Material. Any such archival copies that
12 contain or constitute Protected Material remain subject to this Protective Order as set forth in
13 Section 4 (DURATION), above.

## 11.  MISCELLANEOUS

Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

/ / /

**12. JURISDICTION.**

The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

Dated: March 16, 2007     Law Office of Russell A. Robinson, APC


 /s/ Russell A. Robinson
By: Russell A. Robinson
Attorney for Plaintiff
GREG WILLIAMS


Dated: March 16, 2007     JOHN A. RUSSO, City Attorney
INÉS VARGAS FRAENKEL, Deputy City Attorney


 /s/ Ines Vargas Fraenkel
By: INÉS VARGAS FRAENKEL
Attorneys for Defendants
CITY OF OAKLAND and RONALD CARTER


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: March 20, 2007

IT IS SO ORDERED
Judge Elizabeth D. Laporte

_____
ELIZABETH D. LAPORTE
United States District Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____[date] in the case of <u>Williams v. The City of Oakland, et al.</u>, Case No. C-06-0303-EDL. I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

*Williams v. Oakland, et al.* (No. C-06-0303-EDL)
STIPULATED PROTECTIVE ORDER     - 12 -